## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

| | |
|---|---|
| **TIFFANY MOLDEN, LERESA HARRIS, ELENA EVANS, KIERA POWELL, SAMARRIA WRIGHT, THOMAS DUPRE, JESSICA HERMANSON, TODD SHIDER, and CALANDRA HAYWOOD,** Individually and on Behalf of All Others Similarly Situated, <br><br> **Plaintiffs,** <br><br> vs. <br><br> **TPUSA, INC.,** <br><br> **Defendant.** | Civil Action File No.: |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. Plaintiffs, individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiffs and all others similarly situated, regular wages and overtime compensation for the hours that they were/are made to work off-the-clock for each single workweek.

2. The Proposed Class is composed entirely of current and former hourly-paid Customer Service Representatives who, during the applicable statutory period, worked for Defendant, **TPUSA, INC., ("TPUSA")** in the State of Georgia and were/are being denied their FLSA rights and deprived by TPUSA from receiving regular wages and overtime compensation for the hours

that they were/are made to work off- the- clock for each single workweek.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, TPUSA has willfully and intentionally committed violations of the FLSA, as described herein.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because it raises federal questions under the FLSA.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c), because TPUSA is located within this District and subject to personal jurisdiction within this District. Moreover, many of the FLSA violations alleged in this suit took place in this District.

## III. THE PARTIES

6. At all times relevant to this action Plaintiff, TIFFANY MOLDEN, is and was a citizen and resident of Dougherty County, City of Albany and State of Georgia.

7. Plaintiff, TIFFANY MOLDEN, was formerly employed by TPUSA as a Customer Service Representative and worked at the Call Center located in Albany, Georgia.

8. At all times relevant to this action Plaintiff, LERESA HARRIS, is and was a citizen and resident of Dougherty County, City of Albany and State of Georgia.

9. Plaintiff, LERESA HARRIS, was formerly employed by TPUSA as a Customer Service Representative and worked at the Call Center located in Albany, Georgia.

10. At all times relevant to this action Plaintiff, ELENA EVANS, is and was a citizen and resident of Dougherty County, City of Albany and State of Georgia.

11. Plaintiff, ELENA EVANS, was formerly employed by TPUSA as a Customer Service Representative and worked at the Call Center located in Albany, Georgia.

12. At all times relevant to this action Plaintiff, KIERA POWELL, is and was a citizen and resident of Dougherty County, City of Albany and State of Georgia.

13. Plaintiff, KIERA POWELL, was formerly employed by TPUSA as a Customer Service Representative and worked at the Call Center located in Albany, Georgia.

14. At all times relevant to this action Plaintiff, SAMARRIA WRIGHT, is and was a citizen and resident of Dougherty County, City of Albany and State of Georgia.

15. Plaintiff, SAMARRIA WRIGHT, was formerly employed by TPUSA as a Customer Service Representative and worked at the Call Center located in Albany, Georgia.

16. At all times relevant to this action Plaintiff, THOMAS DUPRE, is and was a citizen and resident of Dougherty County, City of Albany and State of Georgia.

17. Plaintiff, THOMAS DUPRE, was formerly employed by TPUSA as a Customer Service Representative and worked at the Call Center located in Albany, Georgia.

18. At all times relevant to this action Plaintiff, JESSICA HERMANSON, is and was a citizen and resident of Dougherty County, City of Albany and State of Georgia.

19. Plaintiff, JESSICA HERMANSON, was formerly employed by TPUSA as a Customer Service Representative and worked at the Call Center located in Albany, Georgia.

20. At all times relevant to this action Plaintiff, TODD SHIDER, is and was a citizen and resident of Dougherty County, City of Albany and State of Georgia.

21. Plaintiff, TODD SHIDER, was formerly employed by TPUSA as a Customer Service Representative and worked at the Call Center located in Albany, Georgia.

22. At all times relevant to this action Plaintiff, CALANDRA HAYWOOD, is and was a citizen and resident of Dougherty County, City of Albany and State of Georgia.

23. Plaintiff, CALANDRA HAYWOOD, was formerly employed by TPUSA as a Customer

Service Representative and worked at the Call Center located in Albany, Georgia.

24. Defendant, TPUSA, is incorporated in the State of Delaware and conducts business in the State of Georgia.

## IV. FACTUAL ALLEGATIONS

25. TPUSA is engaged in business operations in several locations throughout the United States and reported annual gross revenues in 2011 exceeding $500,000.00.

26. At all times relevant hereto, TPUSA has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined under 29 U.S.C. §203(s) (1).

27. At all relevant times herein, TPUSA conducted business in the State of Georgia, including the operation of two (2) locations from which employees receive and respond to calls from various clients and clients' customers.

28. At all relevant times herein, TPUSA was/is the "employer" of Plaintiffs and similarly situated employees within the meaning of all applicable federal and state laws, including the FLSA.

29. At all relevant times herein, TPUSA directly hired Plaintiffs and similarly situated Customer Service Representatives ("CSRs"), paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

30. At all relevant times herein, Plaintiffs were employed by TPUSA as CSRs. Plaintiffs and similarly situated employees were/are classified by TPUSA as non-exempt under the FLSA, and were/are paid an hourly rate of compensation.

31. TPUSA maintained control, oversight, and direction over the operation of the Georgia Call Centers and other facilities and offices in which the Plaintiffs and the putative members of

the proposed collective class currently or previously worked, including the payroll and other employment practices therein.

32. TPUSA employed, upon information and belief, in excess of 1,000 CSRs in Georgia during the relevant time periods herein.

33. TPUSA has consistently, and continues to enforce a statewide Georgia policy and/or practice of permitting, encouraging, and/or requiring its CSRs, including Plaintiffs and putative members of the collective class, to work without compensation, as hereinafter described.

34. TPUSA established a system by which "pay start time" (i.e., the time at which the employee would start to be compensated) was triggered only by the CSR being fully logged into the Teleperformance computer system.

35. TPUSA requires CSRs to perform certain activities prior to the "pay start time" (i.e., booting up certain programs and going through the lengthy process of logging into the Teleperformance computer system) without compensating CSRs for the time involved in these activities.

36. TPUSA established a system by which CSRs were considered "late" if the CSRs were not fully logged into the Teleperformance computer system by the official start time of the shift, thus requiring CSRs to report to work early in order to perform any necessary preliminary activities prior to "being fully logged in."

37. TPUSA engaged in a consistent practice of scheduling a greater number of CSRs for each shift than the number of available and functioning workstations; thus causing and/or requiring CSRs to wait for a functioning workstation, and/or to report to work 15-30 minutes early in order to avoid waiting for a functioning and available workstation.

38. When CSRs reported to work early for the reasons set forth above, or when they reported

to work on time but had to wait for an available and functioning workstation, they were not compensated for this time, but were only compensated from the time they were fully logged into the Teleperformance computer system.

39. After the official start time of the shift (*i.e.*, when the CSRs were required to, and did, report physically to work and were "fully logged in"), CSRs would not be paid for any period during the continuous workday when the CSRs were not actively logged onto the Teleperformance computer system for any reason.

40. After the official start time of the shift (*i.e.*, when the CSRs were required to, and did, report physically to work and were "fully logged in"), the CSRs would not be paid for any period during the continuous work day when the CSRs were not actively logged onto the Teleperformance computer system because of equipment malfunctions.

41. After the official start time of the shift (i.e., when the CSRs were required to, and did, report physically to work and were "fully logged in"), CSRs would not be paid for any period during the continuous workday when CSRs were not actively logged onto the Teleperformance computer system during short periods of few minutes for restroom breaks that went over the allowed 15-minute break.

42. After the official start time (i.e., when the CSRs were required to, and did, report physically to work and were "fully logged in"), CSRs would not be paid for any period during the continuous workday when CSRs were not actively logged onto the Teleperformance computer system because of employee or equipment errors causing a "log out," and during the subsequent time required to log back into the system.

43. After the official start time (i.e., when CSRs were required to, and did, report physically to work and were "fully logged in"), CSRs would not be paid for any period during the

continuous workday when CSRs were not actively logged onto the Teleperformance computer system because they were engaged in conversations with supervisors and/or other work-related activities.

44. CSRs were given a limited permissible amount of time between customer service calls; usually ranging from 2 to 40 seconds (this time was referred to as the "after call work time," or "ACW time"), and TPUSA did not pay CSRs for any "ACW time" that exceeded the allowed time limit, even though the "after call work" time occurred during the continuous workday, and even though CSRs performed work-related activities during that time, such as taking notes, talking to supervisors, etc.

45. TPUSA established a system whereby the shift officially ended (for purposes of compensation) at the moment CSRs were no longer actively logged into the Teleperformance computer system, and TPUSA did not pay the CSRs for necessary work performed after that moment (such as fully closing down the systems, conversations with supervisors, turning in paperwork, etc.).

46. At all relevant times herein, TPUSA has failed to accurately record all of the time worked off-the-clock by Plaintiffs and similarly situated CSRs and failed to properly compensate them or all such off-the-clock hours.

47. At all relevant times herein, starting more than three (3) years prior to the filing of this action and continuing to the present, TPUSA has deprived Plaintiffs and similarly situated employees of compensation for off-the-clock hours worked, as described herein.

48. At all relevant times, starting more than three (3) years prior to the filing of this action and continuing to the present, TPUSA has deprived Plaintiffs and similarly situated employees of compensation for overtime compensation for all of the hours in a work week in excess of forty

(40), as described herein.

49. TPUSA's conduct and actions, as described above, are in violation of the FLSA.

50. TPUSA's conduct and actions, as described above, have been willful, intentional and not the result of a good faith contest or dispute.

51. TPUSA has a clear, recent and repetitive history of alleged wage and hour law violations, similar to those raised in the instant litigation. *Self v. TPUSA, Inc.*, Case No. 2:08-cv-395 PMW (C.D. Utah 2008).

52. TPUSA'S off-the-clock and overtime violations alleged herein were "willful" because TPUSA either knew and/or showed reckless disregard for the matter of whether said conduct was prohibited by the plain language of the FLSA.

53. TPUSA'S off-the-clock and overtime violations alleged herein were in reckless disregard of Plaintiffs' rights, because TPUSA failed to make adequate inquiry into whether such conduct and acts were in compliance with the FLSA.

54. TPUSA was aware that its off-the-clock and overtime policies alleged herein were violations of the FLSA, but TPUSA demonstrated a reckless indifference toward the requirements imposed by the FLSA.

## V.     FLSA COLLECTIVE ACTION ALLEGATIONS

55. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

56. Plaintiffs bring this action in their individual capacities and on behalf of all other similarly situated former and present CSRs who were/are employed by TPUSA and who were and/or are affected by TPUSA's willful and intentional violation of the FLSA, as described

8

herein.

57. Plaintiffs also bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Collective Class is defined as follows:

> **All current and former employees of TPUSA, who were employed as Customer Service Representatives in the State of Georgia during the statutory period, and who:**
>
> **(a) during a work week, worked off- the- clock for at least one(1) hour and did not receive any compensation at his/her regular rate of pay; and/or**
>
> **(b) was not paid regular wages and/or overtime compensation at a rate of 1.5 times their regular rate of pay, for hours in a work week in excess of forty (40).**

58. The FLSA Claim has been brought and may properly be maintained as a Collective Action under 29 U.S.C. §216 because members of the proposed FLSA statewide Georgia Class were subjected to policies and practices identical to those to which the Representative Plaintiffs have been subjected, and have thereby been similarly deprived of compensation for off-the-clock work performed and/or overtime compensation to which they were lawfully entitled under FLSA.

59. This action is properly brought as a collective action under the FLSA because the Class is so numerous that joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiffs reasonably believe that at least five hundred (500) putative class members have worked for TPUSA without appropriate pay, as described herein, throughout the applicable

statutory period.

60. This action is properly brought as a collective action under the FLSA because of the existence of questions of fact and law common to the Collective Class which predominates over any questions affecting only individual members, including:

(a) Whether TPUSA is liable to Plaintiffs and members of the Class for violations of the FLSA;

(b) Whether Plaintiffs and members of the Class worked off- the -clock hours;

(c) Whether Plaintiffs and members of the Class were paid for all off-the-clock hours worked;

(d) Whether TPUSA failed to pay Plaintiffs and members of the Class regular wages and overtime compensation for all of the hours in a work week in excess of forty (40).

61. This action is properly brought as a collective action under the FLSA because Plaintiffs' claims are typical of the claims of the members of the Class, inasmuch as all such claims arise from TPUSA's standard policies and practices, as alleged herein. Like all Class members, Plaintiffs were injured by TPUSA's policies and practices of failure to pay regular wages for all off-the-clock hours and overtime compensation for all the hours in a work week in excess of forty (40).

62. The members of the proposed FLSA statewide Georgia Class would benefit from the issuance of a court-supervised notice of the instant litigation and should be afforded the opportunity to join the present lawsuit as party plaintiffs, by filing written consent with the Court, pursuant to 29 U.S.C. §216(b).

63. The members of the proposed FLSA statewide Georgia Class are known to TPUSA, are readily identifiable, and can be located through TPUSA's employees' records.

64. Pursuant to 29 U.S.C. §216(b), putative members of the proposed FLSA statewide Georgia Class should receive notification and be given the opportunity to submit their written consents to serve as party plaintiffs and to join the proposed FLSA statewide Georgia Class.

65. TPUSA, its officers and directors are excluded from each of the proposed Collective Class.

66. Plaintiffs have no interests antagonistic to the interests of the putative members of the Class. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in class action litigation. Accordingly, Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the Class.

67. This action is properly brought as a collective action under the FLSA because this is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

    A. Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Court and the Class in litigating the common issues on a classwide instead of on a repetitive individual basis;

    B. Despite the relatively small size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a Class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

    C. No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the Class.

68. Collective certification is also fair and efficient because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

## FIRST CLAIM FOR RELIEF

**(Individual Claims for Violation of FLSA)**

69. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

70. TPUSA failed to accurately record all of the time worked off-the-clock by Plaintiffs.

71. TPUSA failed to compensate Plaintiffs for all off-the-clock hours worked.

72. TPUSA knowingly and willfully failed to pay Plaintiffs the minimum wage for each non-overtime hour worked.

73. TPUSA's off-the-clock practices described herein violated the FLSA.

74. TPUSA failed to compensate Plaintiffs for all hours in a work week in excess of 40.

75. TPUSA failed to compensate Plaintiffs at a rate of 1.5 times their regular rate of pay, for all hours in a work week in excess of 40.

76. TPUSA's overtime practices, as described herein, violated the FLSA.

77. TPUSA's conduct and employment practices, as described herein, was/is willful, intentional, unreasonable, arbitrary and in bad faith.

78. By reason of the unlawful acts alleged herein, TPUSA is liable to Plaintiffs for monetary damages for all unpaid minimum wage and overtime compensation, liquidated damages, pre-judgment interest and costs, including reasonable attorney's fees, as provided by the FLSA.

## SECOND CLAIM FOR RELIEF

### (Collective Action for Violation of FLSA)

79. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

80. TPUSA failed to accurately record all of the time worked off- the-clock by Plaintiffs and similarly situated CSRs.

81. TPUSA failed to compensate Plaintiffs and similarly situated CSRs, for all off-the-clock hours worked.

82. TPUSA knowingly and willfully failed to pay Plaintiffs and similarly situated CSRs, the minimum wage for each non-overtime hour worked.

83. TPUSA's off-the-clock practices described herein violated the FLSA.

84. TPUSA failed to compensate Plaintiffs and similarly situated CSRs, for all hours in a work week, in excess of 40.

85. TPUSA failed to compensate Plaintiffs and similarly situated CSRs, at a rate of 1.5 times their regular rate of pay, for all hours in a work week in excess of 40.

86. TPUSA's overtime practices, as described herein, violated the FLSA.

87. TPUSA's conduct and employment practices, as described herein, was/is willful, intentional, unreasonable, arbitrary and in bad faith.

88. By reason of the unlawful acts alleged herein, TPUSA is liable to Plaintiffs and similarly situated CSRs for monetary damages for all unpaid minimum wage and overtime compensation, liquidated damages, pre-judgment interest and costs, including reasonable attorney's fees, as provided by the FLSA.

**PRAYER FOR RELIEF**

**WHEREFORE, Plaintiffs pray for declaratory relief and damages as follows:**

(a) A declaratory judgment that TPUSA's wage and hour practices alleged herein violate the FLSA;

(b) Judgment for unpaid off-the-clock minimum wages to which Plaintiffs and similarly situated collective Class Members are lawfully entitled pursuant to 29 U.S.C. § 216(b);

(c) Judgment for unpaid overtime pay to which Plaintiffs and similarly situated collective Class Members are lawfully entitled pursuant to 29 U.S.C. § 216(b);

(d) Judgment for liquidated damages to which Plaintiffs and similarly situated collective Class Members are lawfully entitled pursuant to 29 U.S.C. § 216(b);

(e) An order directing TPUSA to pay Plaintiffs and similarly situated collective Class Members reasonable attorney's fees and all costs otherwise connected with this action.

(f) Such other and further relief as this Court may deem just and proper.

Dated: April 16, 2012

                                      BLAU BROWN & LENONARD, LLC

                                      BY: /s/ Steven Bennett Blau
                                      Steven Bennett Blau
                                      Pro Hac Vice
                                      224 West 30th Street, Ste 809
                                      New York, New York 10001
                                      212-725-7272 Telephone
                                      212-488-4848 Facsimile
                                      sblau@bbpc-law.com

WATSON SPENCE LLP

BY: /s/ Louis E. Hatcher
Louis E. Hatcher
Georgia State Bar No.: 337342
320 Residence Avenue
Post Office Box 2008
Albany, Georgia 31702-2008
229-436-1545 Telephone
229-436-6358 Facsimile
lhatcher@watsonspence.com

*Attorneys for Plaintiffs*